# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| DAVID ADAM ESKRIDGE, | ) |
| *Petitioner*, | ) Case No. 2:19-cv-69 |
| v. | ) Judge Travis R. McDonough |
| LARRY E. EDMONDS and HERBERT SLATERY III, | ) Magistrate Judge Cynthia R. Wyrick |
| *Respondents*. | ) |

## MEMORANDUM OPINION

Petitioner, a prisoner of the Virginia Department of Corrections ("VDOC"), has filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 1). He challenges a detainer for violation of probation that the Criminal Court in Sullivan County, Tennessee lodged against him in 2011. (*See* Doc. 1, at 2; Doc. 2, at 1–5; Doc. 2-4.) Respondent Edmonds has filed a motion to dismiss this petition as time-barred[1] (Doc. 18). Petitioner has not responded to this motion, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. Accordingly, Petitioner waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, Respondent's motion to dismiss (Doc. 18) will be **GRANTED**, and this action will be **DISMISSED**.

---

[1] Respondent Edmonds also filed what appears to be a partial state-court record (Doc. 17) contemporaneously with his motion to dismiss. The Court characterizes the state-court record as partial because Petitioner's memorandum in support of his § 2241 petition was accompanied by several relevant state-court documents that were not included in the state-court record that Respondent Edmonds filed. (*Compare* Doc. 2-4, Doc. 2-5, and Doc. 2-8, *with* Doc. 17-1, and Doc. 17-2.)

**I.     BACKGROUND**

Petitioner's allegations and the state-court records supplied by Petitioner and Respondent allege the following facts.

On March 14, 2006, Petitioner was convicted in the Criminal Court for Sullivan County, Tennessee, for driving on a revoked, suspended, or cancelled license, driving under the influence, and failure to appear.  (Docs. 17-1, 17-2; *see also* Doc. 2, at 1.)  He was sentenced to a total term of one year, eleven months, and 29 days of probation.  (Docs. 17-1, 17-2; *see also* Doc. 2, at 1.)  At the time of these Tennessee convictions, Petitioner appears to have been subject to a not-yet-satisfied term of imprisonment in Virginia.  (*See* Doc. 2, at 2.)  His Tennessee probationary sentence was ordered to become effective "upon release from Virginia."  (Docs. 17-1, 17-2; *see also* Doc. 2, at 1.)

Petitioner alleges he was released from the Virginia Department of Corrections ("VDOC") in June 2007 "with a suspended sentence and [three] years of Active Probation." (Doc. 2, at 2.)  Between September 2008 and August 2009, Petitioner received at least five additional Virginia state convictions, which resulted in two violations of his Virginia probation. (*See* Doc. 2-4, at 1.)[2]

On May 3, 2011, the Criminal Court for Sullivan County, Tennessee issued a warrant for Petitioner's arrest based on a violation of his Tennessee probation.  (*Id.*)  The warrant listed each of his Virginia state convictions and probation violations as the basis for the charged Tennessee probation violation.  (*Id.*)  The same day, a judge in the Circuit Court of Sullivan County ordered that a typographical error in Petitioner's 2006 judgment be corrected.  (*See* Doc. 2-5, at 1.)  The

---

[2] Based on these convictions, Petitioner alleges that he has been in the custody of the Virginia Department of Corrections since May 2009 and will not be released until June 2022.  (Doc. 2, at 4.)

order clarified that Petitioner's total effective Tennessee sentence was one year, eleven months, and 29 days' probation to be served consecutive "to the Virginia sentence he is presently serving." (*Id.*)  Also on May 3, 2011, a detainer was lodged on Petitioner by the Sullivan County Sheriff's Office. (Doc. 2-7, at 1.)

On May 11, 2014, Petitioner sent a letter to the Criminal Court of Sullivan County, Tennessee, regarding the detainer. (*See* Doc. 2-8, at 1.)  On May 22, 2014, Tennessee Criminal Court Judge Robert H. Montgomery, Jr., responded to Petitioner's letter and informed him that he would "need to file the appropriate I.A.D. paperwork" if he wished to be transported to Sullivan County to resolve the matter.[3] (*Id.*)  Over four years later, on January 27, 2019, Petitioner submitted a request to the records department of VDOC, seeking an I.A.D. transfer to Tennessee. (Doc. 2-1, at 1.)  A VDOC official responded and directed Petitioner "to request a speedy trial with the detainer unit at Atmore Headquarters." (*Id.*)

On February 3, 2019, Petitioner filed an informal complaint with the Warden of the prison in which he complained that the IAD request had still not been submitted. (Doc. 2-2, at 1.)  The following day, a prison official responded and instructed Petitioner that *he* was responsible for writing the detainer unit and requesting the necessary paperwork. (*Id.* (also providing the address for the detainer unit).)  The record does not show exactly when Petitioner made contact with the detainer unit, but, on March 13, 2019, he received a reply from the detainer coordinator, informing him that the unit could not request a speedy trial pursuant to the IAD because the IAD "does not apply to Probation or Parole Violations." (Doc. 2-3, at 1.)

---

[3] "I.A.D." refers to the Interstate Agreement on Detainers ("IAD"). *See Pomales v. Hoke*, No. 1:11CV2616, 2012 WL 2412061, at *4 (N.D. Ohio June 26, 2012). The IAD is a covenant between the enacting states, D.C., and the federal government by which a jurisdiction may obtain custody of a prisoner incarcerated in another jurisdiction to try that prisoner on criminal charges. *Id.*

3

On April 3, 2019, Petitioner filed the instant petition under 28 U.S.C. § 2241. (*See* Docs. 1, 2.) He contends that "the Sullivan County Criminal Court erred in violating a probation that has never started," and that he is entitled "to be resentenced to a [fair] and legal sentence." (Doc. 2, at 4–5.) Petitioner requests that this Court order the Circuit Court of Sullivan County, Tennessee, to receive him "at a reasonable time," pursuant to the Sixth Amendment's guarantee of a speedy trial. On August 8, 2019, Respondent Edmonds filed a motion to dismiss Petitioner's petition as untimely (Doc. 18).

**II. ANALYSIS**

Respondent Edmonds seeks dismissal of Petitioner's § 2241 petition "on the grounds that it was filed outside the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)." (*Id.* at 1.) However, in his memorandum in support of his motion to dismiss, Edmonds mischaracterizes Petitioner's petition as challenging the lawfulness of his 2006 Sullivan County convictions rather than the 2011 detainer. Notwithstanding this error, the Court finds that there are several reasons—some raised in Edmonds's motion and some not—to dismiss Petitioner's petition. First, Petitioner's claims are not suited to review on a § 2241 petition at this time; second, Petitioner has not exhausted his state-court remedies; and third, the petition was not timely filed.

**A. Whether § 2241 Is the Proper Vehicle for this Challenge**

"The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny." *Peyton v. Rowe*, 391 U.S. 54, 58 (1968). Under 28 U.S.C. § 2241, federal district courts, within their respective jurisdictions, have "the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)).

However, to the extent Petitioner alleges that Tennessee has violated some state law or procedure, § 2241 is not the proper vehicle for his claims. *See Logan v. Haslam*, No. 3:18-cv-00256, 2019 WL 4142160, at *6 (M.D. Tenn. Aug. 30, 2019) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)) ("the Court may not grant habeas relief based on an alleged error of state law or state procedure"). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Here, Petitioner does not present any special circumstances warranting adjudication of his claim that he could not have violated his Tennessee probation based on his 2008 and 2009 convictions. Instead, these arguments should be presented in the Tennessee state court when Petitioner appears to answer the probation violation charges. The Court is in no position to speculate as to the merits of this defense on a § 2241 petition.

To the extent Petitioner relies on the Sixth Amendment right to a speedy trial, no § 2241 relief is due at this time. "The Sixth Amendment right to a speedy trial usually attaches when the defendant is arrested or indicted, whichever is earlier." *Lee v. McBee*, No. 1:19-CV-00199-JRG-SKL, 2019 WL 5566520, at *2 (E.D. Tenn. Oct. 28, 2019) (citing *Brown v. Romanowski*, 845 F.3d 703, 712–13 (6th Cir. 2017)) (internal quotation marks omitted). When a petitioner has yet to be indicted or arrested, the Sixth Amendment right has not yet attached and the petitioner cannot prevail on a Sixth Amendment speedy-trial claim. *See id.* Here, Petitioner has not been indicted or arrested on the Tennessee probation-violation charges. (*See* Doc. 2, at 4 (Petitioner remains incarcerated in Virginia).) Therefore, any Sixth Amendment speedy-trial claim he may have is premature.

5

Finally, to the extent Petitioner seeks to assert a violation of the IAD in his § 2241 petition, that claim also fails. It is true that § 2241 "is the appropriate vehicle whereby a petitioner can attack the execution of an otherwise valid sentence or test the validity of a detainer," *Prince v. 23rd Judicial District Attorney General's Office*, No. 3:15–0955, 2015 WL 7767201, at *1 (M.D. Tenn. Nov. 10, 2015), and that a claim asserting a violation of the IAD may be brought under § 2241.[4] *See Pomales*, 2012 WL 2412061, at *4. Under the IAD, a prisoner may demand speedy disposition of certain charges pending against him once a detainer is filed with the custodial state by another state with untried charges against that prisoner. *United States v. Mauro*, 436 U.S. 340, 343 (1978). However, detainers based on probation violations are not covered by the IAD. *See Carchman v. Nash*, 473 U.S. 716, 726 (1985); *State v. Evits*, 915 S.W.2d 468, 470 (Tenn. Ct. App. 1995). Thus, an IAD challenge to a detainer is not a cognizable in a § 2241 petition when the detainer is based on a probation violation. Therefore, Petitioner cannot rely on the IAD in support his request to be extradited to Sullivan County, Tennessee to answer the charges.

None of Petitioner's arguments are properly before the Court in his § 2241 petition at this time. Although the impropriety of § 2241 as the vehicle for these claims is sufficient to warrant dismissal of the petition, the Court will nonetheless evaluate the other requirements of § 2241 to respond to the arguments in Respondent's motion.

---

[4] Under 28 U.S.C. § 2241(c)(3), a prisoner may seek federal habeas corpus relief when he or she "is in custody in violation of the Constitution or laws or treaties of the United States." An IAD claim satisfies this subsection "[b]ecause the IAD is a congressionally sanctioned interstate compact and is thus a law of the United States." *Pomales*, 2012 WL 2412061, at *4.

### B. Whether Petitioner Is in Custody

Federal courts may issue a writ of habeas corpus to a prisoner who is "*in custody* in violation of the Constitution or laws or treaties of the United States.'" 28 U.S.C. § 2241(c)(3) (emphasis added). Accordingly, courts have treated custody as a prerequisite to review of a claim under § 2241. *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (interpreting the language of § 2241(c)(3) as requiring that the petitioner be 'in custody' at the time his petition is filed).

In his memorandum in support of his motion to dismiss, Respondent Edmonds asserts that the Court should dismiss the petition because Petitioner is not "in custody" as required by the statute. (Doc. 19, at 6.) He argues that, because Petitioner is in custody pursuant to a Virginia conviction, rather than the detainer that Petitioner seeks to challenge, the Court lacks jurisdiction to grant his petition. (*Id.*) Respondent, however, does not explain how this argument comports with well-established Supreme Court law providing that prisoners may attack detainers lodged against them while in the custody of another jurisdiction under § 2241. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488 (1973) (holding that a prisoner attacking a detainer lodged against him by another state under § 2241 is "'in custody' within the meaning of the federal habeas corpus statute").

In *Braden*, the Supreme Court held that a petitioner is "in custody" for purposes of challenging a detainer, even when incarcerated in different state pursuant to the judgment of a different sovereign, because one sovereign acts as the agent of the other in holding the petitioner pursuant to the detainer. *Id.* at 489 n.4. The *Braden* court clarified that the "prematurity doctrine"—which "permitted a prisoner to attack on habeas corpus only his current confinement, and not confinement that would be imposed in the future"—has been discarded. *Id.* at 488–89

(citing *Peyton v. Rowe*, 391 U.S. 54 (1968)). Therefore, Respondent's argument that Petitioner may not challenge the Tennessee detainer because he is not "in custody" within the meaning of § 2241(c)(3) fails. *See id.*; *see also Sargent v. Duckworth*, 192 F.3d 49 (6th Cir. 1998) (unpublished table decision) (applying this rule in the Sixth Circuit). Despite other shortcomings related to his petition, Petitioner has at least established that he is "in custody."

### C. Whether Petitioner Has Exhausted Available State Remedies

Before a state prisoner may bring a habeas corpus petition under § 2241, he must exhaust his state-court remedies. *See Collins v. Million*, 121 F. App'x 628, 630. The burden for proving exhaustion of those remedies is on the petitioner. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "The district court can and must raise the exhaustion issue sua sponte, when it clearly appears that habeas claims have not been presented to the state courts." *Heard v. Lee*, No. 3:18-CV-34-TAV-DCP, 2018 WL 6729789, at *2 (E.D. Tenn. Dec. 21, 2018) (citing *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970)). This requirement presents a challenge for Petitioner, as he has not provided any evidence of exhaustion.

To satisfy the exhaustion requirement, a petitioner generally must have "fairly presented his federal claims to all levels of the state appellate system, including the state's highest court." *Id.* (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). When a petitioner has not offered his habeas claims to the state courts for consideration, he has not exhausted available state-court remedies. *Prince v. 23rd Judicial District Attorney General's Office*, No. 3:15–0955, 2015 WL 7767201, at *2 (M.D. Tenn. Nov. 10, 2015). Here, though Petitioner seems to have written a letter to the Criminal Court in Sullivan County and did make some requests with

VDOC, he has provided no evidence that he has raised any of the claims in his § 2241 petition in Tennessee state court with regard to the 2011 detainer. *Cf. id.* (finding the petitioner had not exhausted available state court remedies because his claims had not been presented to any state court).

The consequence of failure to exhaust is dismissal of the § 2241 petition without prejudice. *Id.* The exhaustion requirement, therefore, presents another ground on which Petitioner's petition must be dismissed.

### D. Whether Petitioner's Claim is Time-Barred

Section 2241 is also subject to the one-year statute of limitations described in 28 U.S.C. § 2244(d)(1). *See Brock v. Howes*, 96 F. App'x 968, 969 (6th Cir. 2004); *Dillon v. Hutchinson*, 82 F. App'x 459, 460 (6th Cir. 2003). Section 2244(d)(1) provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review . . . . or . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *Id.* § 2244(d)(2).

Respondent Edmonds initially asserts that the § 2241 petition is untimely because Petitioner's 2006 Sullivan County convictions became final in 2007, and Petitioner did not file

9

any collateral challenge of these convictions with the state court.[5] (Doc. 19, at 3–4.) This argument is misplaced, however, because, as set forth above, Petitioner does not attack his 2006 convictions but rather the 2011 detainer. (*See* Doc. 1, at 2; Doc. 2, at 1–5.) Notwithstanding his initial conflation of Petitioner's attack on his 2011 detainer with an attack on his 2006 convictions, Respondent Edmonds also asserts that the § 2241 petition is untimely because Petitioner did not file it within a year of the date on which he knew of the 2011 detainer, and that Petitioner is not entitled to equitable tolling. (Doc. 19, at 4–5.)

Thus, while Respondent Edmonds initially mischaracterizes Petitioner's claims for habeas corpus relief as attacking his 2006 convictions, he ultimately sets forth a meritorious argument that the § 2241 petition is time-barred because Petitioner failed to file it within a year of the date on which he knew that Sullivan County had lodged the detainer he seeks to challenge. Specifically, the statute of limitations for Petitioner's claims arising out of the 2011 detainer began to run on the date on which Petitioner could have discovered that Sullivan County had lodged that detainer through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D); *see Coburn v. Jones*, 596 F. App'x 721, 725 (10th Cir. 2014) (affirming district court's dismissal of § 2241 petition challenging a detainer as time-barred because the record established that the petitioner was aware of the detainer against him for more than a year before he filed the petition).

The record supports Respondent Edmonds's assertion that Petitioner had knowledge of the Sullivan County detainer in 2011, as Petitioner filed copies of VDOC documents stating that

---

[5] The Court notes, however, that Petitioner filed a Sullivan County Criminal Court order dated May 3, 2011, with his memorandum in support of his petition, in which the court clarified and corrected an error in Petitioner's sentence. (Doc. 2-5.) This order at least arguably reset the habeas corpus statute of limitations clock for these convictions. *See King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015) (providing that where a criminal defendant receives a new sentence, that permits him to file a new application to attack the sentence and conviction).

10

the VDOC received notice of the Sullivan County detainer on May 10, 2011, and notified Petitioner of the detainer on May 12, 2011, with his memorandum. (Docs. 2-6, 2-7.) Thus, it appears that the statute of limitations for any claims arising out of this detainer began to run on May 13, 2011, and expired on May 14, 2012. Neither Petitioner's 2014 letter to Sullivan County Criminal Judge Montgomery (Doc. 2-8), nor his 2019 requests for an administrative remedy from VDOC (Doc. 2, at 2; Doc. 2-1; Doc. 2-2) were properly filed collateral attacks on the detainer. Even if they were, they would still not have reset the statute of limitations for Petitioner's claims. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Petitioner did not file his § 2241 petition seeking relief from the detainer with this Court until March 26, 2019. (*Id.* at 9.) Nothing in the record supports finding that Petitioner is entitled to equitable tolling of the statute of limitations. Therefore, Petitioner's § 2241 petition must also be denied as untimely.

## III. CONCLUSION

Because Petitioner's § 2241 petition asserts claims that are not suited to habeas review at this time, because he has failed to exhaust his state-court remedies, and because his petition is untimely, Respondent Edmonds's motion to dismiss (Doc. 18) will be **GRANTED**, and this action will be **DISMISSED**.

The Court must also consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the

11

district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001) (applying the COA requirement to § 2241 petition).  As reasonable jurors would not debate the Court's findings that Petitioner has failed to exhaust his state-court remedies and the § 2241 petition is time-barred, a COA will not issue.  Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Fed. R. App. P. 24.

    **AN APPROPRIATE JUDGMENT WILL ENTER.**

                                  **/s/** ***Travis R. McDonough***
                                  **TRAVIS R. MCDONOUGH**
                                  **UNITED STATES DISTRICT JUDGE**